EUGENE F. BASSETTE v. STATE OF NEW JERSEY.

Under section 6 of the Disorderly act (*Rev., p.* 305), a complaint which
conforms in substance to the language of the act, and is specific as to
time, locality and language used held good; also that trial by jury
is not a right of defendant under said act, and that the right of appeal
is not dependent upon the action of the justice who heard the cause.

On *certiorari*.

Argued at February Term, 1889, before Justices MAGIE and GARRISON.

For the plaintiff, *S. A. Patterson.*

For the defendant, *D. Harvey, Jr.*

The opinion of the court was delivered by

GARRISON, J.   The prosecutor seeks by this *certiorari* to reverse a conviction for disorderly conduct had before a justice of the peace under section 6 of the Disorderly act.   *Rev., p.* 305.

Of the reasons filed in this court four attack the record, upon the ground that the complaint exhibited before the justice lacked legal certainty as to the time, place and description of the alleged offence.   The charge was, that the prosecutor, on the 3d day of July, 1888, was disorderly, in that he called the defendant a damned son of a bitch and other vile epithets, uttering loud and offensive language in the public streets of Asbury Park, opposite Lake View House, county and state aforesaid.   These allegations follow the words of the statute, and apprise the prosecutor with sufficient certainty of the charge that is preferred against him.   If true, they constitute disorderly conduct within the meaning of this act.   Greater particularity is required neither by the act in question nor by the principles of correct pleading.

The remaining reasons attack the power of the justice to impose the penalty of $3, and state that a trial by jury and an appeal were both denied to the prosecutor by the justice of the peace.

The penalty imposed was within the limit fixed by the statute.   Trial by jury is not given by the act, and the question of appeal is one not dependent upon the action of the justice in granting or refusing a motion to that effect.

Let the judgment be affirmed.